UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael A. Amill, *pro se*,  Case No. 3:17-cv-2217

        Plaintiff,

v.  MEMORANDUM OPINION
 AND ORDER

Joseph Schiffer, *et al.*,

        Defendants.

## I. INTRODUCTION

Defendants Joseph Schiffer, Antonio Rodriquez, Pamela Shaw, and Jane Doe Joliff have filed a motion to dismiss the complaint filed by *pro se* Plaintiff Michael Amill for failing to state a claim upon which relief may be granted. (Doc. No. 8). Amill filed an objection to the motion to dismiss. (Doc. No. 12). Defendants filed a reply brief in support of their motion. (Doc. No. 14).

Amill also filed a motion to reverse my February 12, 2018 order denying his motion for relief from the Magistrate Judge's order assessing the filing fee and requiring installment payments under 28 U.S.C. § 1915(b), (Doc. No. 10), a motion for default judgment, (Doc. No. 18), a motion to correct the record, (Doc. No. 19), a "supplement," which appears to be a motion to amend his complaint, (Doc. No. 22), and a motion for discovery, (Doc. No. 24). Defendants have filed a motion to strike Amill's "supplement." (Doc. No. 23).

For the reasons stated below, Defendants' motion to dismiss is granted, each of Amill's motions are denied, and Defendants' motion to strike is denied as moot.

## II. BACKGROUND

Amill currently is incarcerated at the Marion Correctional Institution in Marion, Ohio. He claims Schiffer failed to intervene while Amill was being assaulted by another inmate but wrote conduct reports for both Amill and the other inmate for fighting. Amill challenged the conduct report through the Rule Infraction Board. (Doc. No. 1 at 3). Amill alleges the conduct report was improperly upheld on several levels of appeal and that the Defendants, at each level, failed to review surveillance video which he claims would show he never threw a punch at the other inmate. Amill alleges the Defendants acted without state authority in purposefully conspiring to deny Amill due process of law. (Doc. No. 1 at 3).

He asserts a claim under 42 U.S.C. § 1985 and requests compensatory and punitive damages. (Doc. No. 1 at 2, 4).

## III. STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, the court may consider the allegations in the complaint as well as any exhibits attached to the complaint, as long as the complaint refers to the exhibit and the exhibit is central to the claims set forth in the complaint. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV. ANALYSIS

### A. FAILURE TO STATE A CLAIM

Defendants assert Amill fails to state a claim for relief, even after taking into account the extra latitude provided to pro se filings. See, e.g., *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (noting pro se pleadings must be held to less stringent standards than attorney filings).

Amill objects to the motion to dismiss, claiming the Ohio Attorney General's office should not be acting as counsel for the Defendants, that the motion is untimely, and that the "Defendants are not parties by statute." (Doc. No. 12 at 1).

Amill is incorrect. Defendants' motion was timely, because Amill's complaint was not served until after his motion to proceed in forma pauperis was granted, (Doc. No. 4), and his complaint was not served on Defendants until January 11, 2018. (Doc. No. 6). Further, while his other two arguments are, at best, unusual, they provide no basis for denying Defendants' motion.

What is more problematic for Amill is that he does not offer any arguments as to the substance of the Defendants' motion. Because he fails to respond to Defendants' arguments, I deem Amill to have waived opposition to the motion. *See, e.g., Hitchcock v. Cumberland Univ. 403(b) DC Plan*, 851 F.3d 552, 566 (6th Cir. 2017) (citing *Humphrey v. United States Att'y Gen.'s Office*, 279 F. App'x 328 (6th Cir. 2008)); *Scott v. Tennessee*, 878 F.2d 382, *2 (6th Cir. 1989) (unpublished table decision).

#### i. 42 U.S.C. § 1985

The complaint does not indicate which subsection of § 1985 Amill claims Defendants violated. Defendants construe his claim as one arising under § 1985(3), which prohibits, among other things, two or more persons from conspiring "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted

3

authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws . . . ." 42 U.S.C. § 1985(3). "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Amill does not allege the Defendants acted with any class-based discriminatory animus and therefore he fails to state a claim for relief.

Amill indicates at one point that his claims implicate § 1985(2), (Doc. No. 12 at 1), but he fails to state a claim under that section as well. Subsection (2) addresses only conspiracies to deter a party or witness "in any court of the United States . . . ." 42 U.S.C. § 1985(2). Though prison grievance systems are not exempt from protecting rights guaranteed by the Constitution, this subsection does not apply to proceedings in those systems and therefore Amill fails to state a claim for relief.

### ii. Fourth and Fourteenth Amendments

Amill filed, along with his complaint, an affidavit in which he claims the Defendants also violated the Fourth and Fourteenth Amendments. (Doc. No. 1-1).

He offers no allegations which implicate his Fourth Amendment rights, and the mere assertion of a legal conclusion is insufficient to defeat a Rule 12(b)(6) motion. *Twombly*, 550 U.S. at 555.

As for his Fourteenth Amendment claim, Amill alleges only that he was denied the right to due process. His complaint does not establish he was deprived of a constitutionally-protected liberty or property interest without notice and a hearing, *Sandin v. Conner*, 515 U.S. 472, 484 (1995), or that the Defendants "intended to injure [him] in some way unjustifiable by any government interest . . . [and which rises] to the conscience-shocking level." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). Thus, Amill also fails to state a Fourteenth Amendment claim.

### B. MOTION TO REVERSE IN FORMA PAUPERIS ORDER

Amill again objects to the Magistrate Judge's order granting his motion to proceed in forma pauperis because, he claims, he is not a prisoner. (Doc. No. 10). Amill is not the first to present this type of argument. "Many incarcerated persons claim, as does Plaintiff, that there was a legal flaw in the process which imprisoned them. Whether or not they are justly imprisoned, however, they are still prisoners." *Justice v. Chillicothe Corr. Inst.*, No. 2:10-cv-1152, 2011 WL 802700, at *1 (S.D. Ohio, March 2, 2011).

As Amill's frequent mailings make clear, he still is incarcerated and, thus, he still is a prisoner. (Doc. No. 24-1). His motion is denied.

### C. MOTION FOR DEFAULT JUDGMENT

Amill filed a motion for default judgment, claiming Defendants did not file a timely answer or "other defense." (Doc. No. 18 at 1). As I concluded above, Defendants' motion to dismiss was timely, and therefore his motion lacks merit.

### D. MOTION TO CORRECT THE RECORD

Amill's next motion asserts the Clerk of Court improperly filed this action as a § 1983 suit rather than a § 1985 suit. (Doc. No. 19). He also again claims he is not a prisoner and that the Magistrate Judge's in forma pauperis order is a "legal nullity." (Doc. No. 19 at 1). While it appears the Clerk of Court incorrectly identified this case on the Court's docket as a § 1983 case, this notation has no impact on the disposition of Amill's claims. The motion to correct the record, (Doc. No. 19), is denied.

### E. MOTION TO SUPPLEMENT

Though he does not describe it as a motion to amend his complaint, Amill seeks to add a claim for pain and suffering. (Doc. No. 22). Amill's claims lack merit, and therefore he is not

entitled to any damages, including those for alleged pain and suffering. I construe Amill's supplement, (Doc. No. 22), as a motion to amend and deny it as futile. As a result, I also deny Defendants' motion to strike the supplement, (Doc. No. 23), as moot.

### F. MOTION FOR EVIDENCE

Finally, Amill also has filed a "motion to request evidence be turned over to the courts." (Doc. No. 24). Amill fails to state a claim upon which relief may be granted and therefore he is not entitled to discovery in pursuit of his claims. His motion is denied.

### V. CONCLUSION

For the reasons stated above, Amill's motion to reverse my February 12, 2018 Order, (Doc. No. 10), his motion for default judgment, (Doc. No. 18), his motion to correct the record, (Doc. No. 19), and his motion for evidence (Doc. No. 24), are denied. Amill's request to "supplement" his complaint, (Doc. No. 22), is denied as futile, and Defendants' motion to strike, (Doc. No. 23), is denied as moot. Defendants' motion to dismiss, (Doc. No. 8), is granted.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge